**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| WALTER RAY REDMOND,  Plaintiff,   v.  SALT LAKE CITY POLICE DEPT. et al,  Defendants. | Case No. 2:08-CV-153 TC  **ORDER DISMISSING COMPLAINT** |

Plaintiff, Walter Ray Redmond, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2009). Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* 28 *id.* 1915. This case is now before the Court for screening under 28 U.S.C. § 1915(e).

### ANALYSIS

#### I. Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan.*

*Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). And, "the complaint must give the court reason to believe

that this plaintiff has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L. C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins*, 519 F.3d at 1248.

## II. Plaintiff's Allegations

Plaintiff's Complaint, although difficult to decipher, appears to allege unreasonable seizure in violation of the Fourth Amendment. Specifically, Plaintiff alleges that he was falsely arrested and jailed for several days after Defendants unsuccessfully attempted to entrap him during a sting operation. Plaintiff states that sometime in May or June of 2007, while walking in Pioneer Park, Plaintiff was approached by an individual who asked Plaintiff to assist him with a drug purchase. Plaintiff states that he refused to assist the individual, who turned out to be an undercover police officer. Shortly thereafter police officers swarmed into the park, leaped from their vehicles and began searching Plaintiff for "marked money and drugs." Plaintiff alleges that when the officers did not find any contraband on him they were very angry and arrested

3

Plaintiff "out of embarrassment."  Plaintiff was taken to the Salt Lake County Jail and was released several days later.  The Complaint does not state what charges Plaintiff was booked on, or whether Plaintiff was ever charged or convicted of any crime stemming from this incident.  Plaintiff currently has another case pending in this court, *Redmond v. Salt Lake City Police Department*, 2:07-CV-722-TS, against the same defendants named here alleging that nearly identical incidents occurred in 2005 and 2006.

Plaintiff's Complaint names as defendants the Chief of the Salt Lake City Police Department, the Salt Lake County Sheriff's Office and Salt Lake City Corporation.  The Complaint does not state the specific relief sought.

### III. Sufficiency of Plaintiff's Complaint

Plaintiff's present Complaint does not allege sufficient facts to state a viable claim for relief.  Even construed liberally, Plaintiff's allegations are not sufficient to raise his right to relief above the speculative level.  Aside from Plaintiff's self-serving assertion that he was arrested "for no reason" there is nothing in the complaint to support the conclusion that Plaintiff was arrested without probable cause.  Although Plaintiff states that his allegations are supported by police reports of the incident, Plaintiff has not included copies

4

of those reports with his Complaint.  Moreover, Plaintiff's failure to state what charges he was booked on, and whether he was prosecuted or convicted of any crime, raises substantial doubts as to whether Plaintiff can muster any factual support for his claims.

In addition, even accepting Plaintiff's version of events, Plaintiff's Complaint would not state a claim against the named defendants.  To establish the liability of a municipal entity, such as Salt Lake City or Salt Lake County,[1] under Section 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."  *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 1205 (1989)).  Municipal entities cannot be held liable under § 1983 based on the doctrine of *respondeat superior*.  *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2051 (1978).  Because Plaintiff does not allege that his injuries resulted from a

---

[1] The Complaint names the Chief of the Salt Lake City Police Department (presumably in his official capacity) and the Salt Lake County Sheriff's Office as defendants.  These entities, however, are merely subordinate agencies of Salt Lake City and Salt Lake County respectively and are not independent legal entities with the capacity to sue or be sued.

municipal policy or custom his allegations do not state a claim against the named defendants in this case.

Finally, based on a review of the pleadings in Plaintiff's earlier case against the present defendants, case number 2:07-CV-722-TS, it appears that the present claims could and should have been brought in that case.  Not only are the defendants in both cases identical but the earlier case alleges essentially the same facts presented here.  Although the earlier case is based on previous incidents it was filed several months after the incident alleged here.  Given the similarity of the factual and legal issues presented, allowing Plaintiff to pursue his present claims separate from those alleged in the earlier suit would be a waste of judicial resources.

In sum, the Court finds that Plaintiff's Complaint does not offer plausible grounds to believe that discovery will reveal evidence to support his claims.  *See Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  Thus, Plaintiff's Complaint must be dismissed for failure to state a claim on which relief can be granted.  However, if Plaintiff has additional facts which would better support the claims alleged here he may promptly file a motion to amend his pleadings in case number 2:07-CV-722-TS.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted; and, this case is **CLOSED**.

BY THE COURT:

DATED this 9th day of March, 2009.

*Tena Campbell*
_____
TENA CAMPBELL, Chief Judge
United States District Court